UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:16-cr-00082-HDM-VPC |
| --- | --- |
| Plaintiff, | Case No. 3:20-cv-00357-HDM |
| v. | |
| SHAELON MITCHELL, | ORDER |
| Defendant. | |

Defendant Shaelon Mitchell has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 30). The government has opposed (ECF No. 32), and Mitchell has replied (ECF No. 33).

On December 14, 2016, Mitchell was charged by way of indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 1). Pursuant to an agreement, Mitchell entered a plea of guilty to the charge. (ECF Nos. 22 & 24). The court thereafter sentenced Mitchell to 36 months in prison. (ECF No. 27 & 28).

Section 922(g) prohibits the possession of firearms by several categories of persons, including any person who has been convicted in any court of a crime punishable by a term of more than one year in prison. 18 U.S.C. § 922(g)(1). At the time of his conviction, Mitchell had four prior felonies. When Mitchell was charged and entered his plea in this case, the government was not required to prove that he knew he was a felon. *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003). But in 2019, the U.S. Supreme Court concluded that a defendant may be convicted under § 922(g) only if the government proves that the defendant "knew he

1

belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). On the basis of *Rehaif* and the government's failure to charge or prove his knowledge of status, Mitchell now moves to vacate his conviction.

Pursuant to 28 U.S.C. § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a).

Mitchell argues that the omission of the *Rehaif* element from the indictment violated his Fifth Amendment rights guaranteeing that a grand jury find probable cause to support all the necessary elements of the crime and his Sixth Amendment rights to notice of the charges and effective assistance of counsel.[1] He also alleges that the defective indictment deprived the court of jurisdiction. The government asserts that Mitchell has waived his right to bring these claims, that his claims are procedurally defaulted, and that the government is not required to prove the defendant knew his possession of firearms was unlawful.

As part of his plea, Mitchell "waive[d] all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court

---

[1] In his reply, Mitchell clarifies that he is not asserting an independent claim of ineffective assistance of counsel claim but, rather, that he asserts a Sixth Amendment violation to show that the *Rehaif* omission caused him prejudice.

2

adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel." (ECF No. 22 at 11). Such "[a]n unconditional guilty plea waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Espinoza*, 816 Fed. App'x 82, 85 (9th Cir. June 1, 2020) (unpublished disposition) (unconditional plea waiver precludes all Fifth and Sixth Amendment claims except to the extent they contest the court's jurisdiction or the voluntariness of the plea). Thus, except to the extent Mitchell attacks the jurisdiction of the court, his claims are waived.[2]

Mitchell's jurisdictional argument is without merit. The omission of an element from the indictment does not affect the court's jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Ratigan*, 351 F.3d 957, 962–63 (9th Cir. 2003); *see also United States v. Burleson*, 2020 WL 4218317, at *1 (July 23, 2020) (unpublished disposition) (rejecting the defendant's argument that omission of the *Rehaif* element deprived the district court of jurisdiction); *Espinoza*, 2020 WL 2844542, at *1 (same); *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020); *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020); *United States v. Balde*, 943 F.3d 73, 88-92 (2d Cir. 2019); *United States v. Burghardt*, 939 F.3d 397, 402 (1st Cir. 2019). *Cf. United*

---

[2] The court agrees with the well-reasoned opinions of several courts that none of the exceptions under *Tollett* to the plea waiver applies in this case. *See, e.g.*, *United States v. Kelbch*, 2021 WL 96242, at *2 (D. Nev. Jan. 7, 2021).

3

*States v. Singh*, 979 F.3d 697, 730 (9th Cir. 2020) (on direct appeal, reviewing omission of *Rehaif* element from indictment for plain error).

Moreover, Mitchell's Fifth and Sixth Amendment claims are procedurally defaulted, even assuming, as Mitchell argues, that they could be considered jurisdictional in nature.

"If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate" either "cause excusing his procedural default, and actual prejudice resulting from the claim of error," *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993), or that he is actually innocent of the offense, *Bousley v. United States*, 523 U.S. 614, 622 (1998). "[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Actual prejudice "requires the petitioner to establish 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (internal citation omitted).

Mitchell could have raised his claims on direct appeal but did not do so. They are therefore procedurally defaulted. It is unnecessary to resolve whether Mitchell can demonstrate cause for

4

the default, because even if he could, he cannot demonstrate prejudice.[3]

Mitchell committed the instant offense less than six months after his conviction for first degree burglary, a felony. (PSR ¶¶ 8-13, 39). In addition, Mitchell had shortly before that been convicted of a crime that required as an element a prior felony conviction. (PSR ¶ 38). Mitchell acknowledged in his plea agreement that he had been previously convicted of a felony. (ECF No. 22 at 4-5). And finally, and most importantly, he acknowledged during his plea colloquy both that he had a prior felony conviction for first degree burglary *and* that he was aware at the time of his offense that he was not allowed to possess a firearm. In light of Mitchell's admissions that he knew he was a convicted felon and that he was prohibited from possessing firearms, combined with his criminal history, the court is not persuaded that the outcome of the proceedings would have been any different had the grand jury been presented with, and the indictment had alleged, the *Rehaif* element.

Mitchell argues that he suffered prejudice because he was convicted by a court lacking jurisdiction. For the reasons previously discussed, this argument is without merit because the errors Mitchell complains of did not deprive the court of jurisdiction. Mitchell also asserts prejudice on the basis that the omission deprived him of effective assistance of counsel. For the reasons just discussed, there is no support for Mitchell's argument that the outcome of the proceedings would have been

---

[3] Mitchell does not argue actual innocence.

5

different if the *Rehaif* element had been alleged. Mitchell has not therefore proven deprivation of counsel.

Mitchell alternatively argues that he is not required to demonstrate prejudice to obtain relief because the omission is structural error.

"[C]ertain errors, termed structural errors, might affect substantial rights regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (internal punctuation and citations omitted). Thus, structural error "warrant[s] habeas relief without a showing of specific prejudice." *United States v. Withers*, 638 F.3d 1055, 1063–64 (9th Cir. 2011). "But structural errors are a very limited class of errors that affect the framework within which the trial proceeds, such that it is often difficult to assess the effect of the error." *Marcus*, 560 U.S. at 263 (internal punctuation and citations omitted). Cases in which the Supreme Court has found structural error include total deprivation of counsel, lack of an impartial trial judge, violation of the right to a public trial and an erroneous reasonable-doubt instruction. *See id.* (discussing cases). In contrast, errors that have been found to be non-structural include where the court instructed on an invalid alternative theory of guilt, gave an instruction omitting an element of the offense, or erroneously instructed the jury on an element. *Id.* at 264 (discussing cases).

The Ninth Circuit has not yet addressed in a published opinion whether omission of the *Rehaif* element from the indictment is structural error. But it has held that the error is not structural in at least one unpublished decision. *See United States v. Jackson*,

2020 WL 7624842, at *1 n.1 (9th Cir. Dec. 22, 2020). And the Third, Fifth, Seventh, Eighth, and Tenth Circuits have concluded the error is not structural. *United States v. Nasir*, -- F.3d. --, 2020 WL 7041357, at *19, n.30 (3d Cir. Dec. 1, 2020); *United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020); *see also United States v. Watson*, 820 Fed. App'x 397, 400 (6th Cir. 2020) (unpublished disposition). *But see United States v. Gary*, 954 F.3d 194, 206 (4th Cir. 2020). The court agrees with the well-reasoned opinions of these courts and concludes that a *Rehaif* error does not fall within the limited class of errors the Supreme Court has found to be structural.[4]

Finally, Mitchell argues that *Rehaif* requires the government to prove not only that he knew that he was a convicted felon but also that he knew he was barred from possessing firearms. Notwithstanding the fact that Mitchell admitted to the court that he knew he was barred from possessing a firearm, Mitchell's legal argument is also without merit. *United States v. Singh*, 979 F.3d

---

[4] While there is some case law holding that defects in the indictment are structural error, those cases apply only where the claim is timely raised. *See, e.g., United States v. Du Bo*, 186 F.3d 1177, 1179 & 1180 n.3 (9th Cir. 1999) ("We hold that, if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment. . . . Untimely challenges to the sufficiency of an indictment are reviewed under a more liberal standard."). Mitchell argues that he raised his argument at the earliest possible opportunity and so the timeliness limitation does not apply. The court does not agree. As previously discussed, Mitchell could have challenged the indictment on direct appeal but failed to do so. The claim is not therefore timely raised.

7

697, 727 (9th Cir. 2020) ("[The defendant] contends that *Rehaif* requires the Government to prove he knew not only his status, but also that he knew his status prohibited him from owning a firearm. But this interpretation is not supported by *Rehaif* . . . .").

Accordingly, because the claims raised in Mitchell's § 2255 motion are waived, procedurally defaulted and/or without merit, IT IS THEREFORE ORDERED that the motion to vacate, set aside or correct sentence (ECF No. 30) is hereby DENIED.

IT IS FURTHER ORDERED that Mitchell is DENIED a certificate of appealability, as jurists of reason would not find the court's denial of the motion to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly.

IT IS SO ORDERED.

DATED: This 25th day of January, 2021.

*[signature: Howard D. McKibben]*
UNITED STATES DISTRICT JUDGE

8